UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES M. FREEMAN, JR. (#480524)

VERSUS                                              CIVIL ACTION

WARDEN PAUL HALL                                    NUMBER 15-571-SDD-SCR

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 13, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES M. FREEMAN, JR. (#480524)

VERSUS                                                  CIVIL ACTION

WARDEN PAUL HALL                                        NUMBER 15-571-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Petitioner James M. Freeman, Jr., a pre-trial detainee confined at the Ascension Parish Jail, Donaldsonville, Louisiana, filed a pleading entitled "Petition for Writ of Certiorari."[1] Petitioner complained that he was being denied due process while awaiting trial in connection with pending criminal charges, that he was not timely arraigned, that when he was arraigned the state court judge did not address him personally, that his court-appointed attorney only visited him once before arraignment, and that he was not being provided with effective assistance of counsel while awaiting trial.  Three week later, the petitioner re-submitted his claims on a form intended for habeas corpus proceedings pursuant to 28 U.S.C. § 2241.[2] Petitioner sought to have the pending criminal charges lessened or dropped altogether and to be extradited to the State of Georgia.

---

[1] R. Doc. 1.

[2] R. Doc. 4, Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

A review of the petitioner's habeas corpus petition showed that the petitioner failed to exhaust available state court remedies.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that has exercised custody over the petitioner.  28 U.S.C. § 2254(b).  Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).  Although § 2241 contains no statutory requirement of exhaustion like that found in § 2254(b), exhaustion of state remedies has been held to be a necessary prelude to its invocation.  *Robinson v. Wade*, 686 F.2d 298, 303 n. 8 (5th Cir. 1982); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.), *cert. denied*, 421 U.S. 999 (1975).

A district court may notice on its own motion a petitioner's failure to exhaust state remedies.  *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (*en banc*).  Petition admitted that he has not filed any application for a writ of habeas corpus or otherwise sought habeas corpus relief in any state court concerning his claims.[3]

---

[3] R. Doc. 4, pp. 3-8.

It is clear on the face of the petition that the petitioner failed to exhaust available state remedies. Therefore, the petition should be dismissed, without prejudice, for failure to exhaust available state remedies.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's Petition for Writ of Certiorari, as resubmitted by the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, be dismissed, without prejudice, for failure to exhaust state remedies.

Baton Rouge, Louisiana, November 13, 2015.

                         /s/ Stephen C. Riedlinger
                         STEPHEN C. RIEDLINGER
                         UNITED STATES MAGISTRATE JUDGE